PEOPLE ex rel. COOK v. DUNCKEL et al., Village Assessors (two cases).

(Supreme Court, Special Term, Montgomery County.  August, 1910.)

1. MUNICIPAL CORPORATIONS (§ 1030*)—REVIEW OF ASSESSMENTS—MUNICIPAL OFFICERS—POWERS.

The attorney of a village, employed by its board of trustees as authorized by Village Law (Consol. Laws, c. 64) § 89, has authority to appear for the village in certiorari to review an assessment of property by the village assessors, and an appearance by an attorney of the assessors of the village is a nullity, for they have no jurisdiction to set aside an assessment made by them in legal form.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 1030.*]

2. TAXATION (§ 93*)—PROPERTY SUBJECT TO—REAL ESTATE OF ALIENS.

Under Consol. Laws, c. 50, § 16, subjecting every alien holding real property in the state to assessments and taxes as if a citizen of the state, taxes may be assessed against every alien holding real property in the state.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 182-188; Dec Dig. § 93.*]

3. TAXATION (§§ 93, 496*)—PROPERTY SUBJECT TO—PERSONALTY OF NONRESIDENTS.

Under Consol. Laws, c. 60, §§ 2, 3, 7, defining personal property as including chattels, money, debts due by inhabitants of the state to nonresidents, etc., and making personal property situated or owned within the state taxable, and providing that nonresidents doing business in the state shall be taxed on the capital invested in the business as personal property, and that the personal property of nonresidents having an actual situs in the state and not forming a part of the capital invested in the state shall be assessed in the name of the owner in the taxing district where the property is situated, personal property of nonresidents may under enumerated circumstances be assessed in the state for taxation, and nonresidents, who petition for certiorari to review an assessment on personal property, have the burden of proving that the property is not

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

125 N.Y.S.—25

subject to assessment, and where they do not deny that they are the owners of personal property within the state they admit that they possess personal property in the state, so that the same is properly assessed, in the absence of a showing to the contrary.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. §§ 93, 496.*]

Certiorari by the People, on the relation of G. Byron Cook, and on the relation of Helen Cook, against Lewis A. Dunckel and others, as Assessors of the Village of Ft. Plain, to review an assessment of property for taxation.    Writs dismissed.

Wendell & Sponable, for petitioners.
H. D. Walts, for respondents.

SPENCER, J.   These petitioners are husband and wife, and their petitions were made and verified on the same day, May 14, 1910, and filed in the county clerk's office of Montgomery county on that day. They were argued before the Supreme Court together, and the briefs refer to both petitions.

In May, 1910, the assessors of Ft. Plain made an assessment against the relator on personal property in the sum of $1,500.   He alleges that he appeared before the assessors for the purpose of reviewing this assessment, and to correct the same and strike it from the roll upon the ground that he was a nonresident of such tax district and that the assessors had no jurisdiction to assess him, and that said assessors refused to strike out such assessment against him for personal property, as requested.   The petitioner prays that a writ of certiorari be issued, directed to the defendants, to review the assessment on the ground set forth in the petition, and, if the court shall hold the assessment illegal, that it shall be stricken from the roll in such manner as shall be in accordance with the law.

The petitioner's wife, Helen Cook, claims that she is now a resident of the state of Pennsylvania with her husband, G. Byron Cook, and that she is not and has not been a resident of Ft. Plain, town of Minden, since the early fall of 1908, having left her home, consisting of a house and lot in the village of Ft. Plain, rented to one Mr. Wood, who entered into possession of and has occupied the same; that the assessors of the town of Minden, on or about the 7th day of May, 1910, made an assessment against her for the year 1910; that upon said assessment roll her real estate in said tax district is assessed to her, and the valuation placed thereon by said assessors on said roll is $2,500; and that the amount of personal property assessed to her in said tax district and the valuation placed thereon by said assessors on said roll is $15,000.   She alleges that these assessments are void as to her, and illegal, for the reason that the said assessors had no jurisdiction to assess her for personal property; that she appeared by an authorized agent before the assessors then in session for the purpose of reviewing the assessments, and then and there made application to strike out the assessments made against her as aforesaid for personal property, on the ground that she was a nonresident of said tax district, and that the said assessors had no jurisdiction to assess her upon said roll for per-

sonal property, and that she then and there did all things which she was by law required to do to entitle her to such correction, and to have the said assessment made against her for personal property stricken from the roll, and that said assessors refused to strike out said assessment. She therefore prays that a writ of certiorari be made, directed to the defendants, to review the assessments, which writ shall provide that the return thereto by said assessors shall be made at a time to be fixed by the court, to the end that, if it shall appear that the assessment complained of is illegal for the reasons alleged in the petition, it shall be stricken from the roll.

The petitioner G. Byron Cook is assessed only as to personal property, and his wife is assessed for both personal property and real estate. She makes no complaint as to the assessment of her real property, but both petitioners are alike in making complaints as to the assessment against personal property. There is no statement as to what their personal property consists of, nor is there any statement that the petitioners have no personal property within the village of Ft. Plain, town of Minden, or the county of Montgomery. The only ground stated by them is that they are residents of Pennsylvania and nonresidents of New York state. They do not say that they have no personal property within the village of Ft. Plain, town of Minden, and county of Montgomery.

These proceedings were begun on May 25, 1910, and came before the court, and a hearing had, on the 25th of June, 1910. H. D. Walts, the regularly appointed attorney of the village of Ft. Plain, appeared for the village. Mr. Walts filed his brief promptly in the month in which the proceedings were instituted; but the relators' brief, by Wendell & Sponable, was not presented to the court until August 1, 1910. When this latter brief came, the court at once took up the matter and proceeded to pass upon the questions involved.

The relators deny the right of H. D. Walts to appear for either the assessors or the village of Ft. Plain. The answer to this is that he is the attorney of the village of Ft. Plain and has, as such, full power to appear for that village in these proceedings. He has also filed two briefs in behalf of the village of Ft. Plain in regard to the question of the assessment of personal property owned by nonresidents. Both of these briefs were filed shortly after the case came before the court. Mr. Walts shows his authority to appear for the village of Ft. Plain by section 89 of the village law (Consol. Laws, c. 64), and cites a number of authorities to support his contentions. The attempted appearance by Mr. Eldredge is a nullity, as the assessors he claims to represent have no jurisdiction to set aside an assessment made by them in legal form.

There can be no question that taxes may be assessed against every alien holding real property in the state of New York. Consol. Laws N. Y. vol. 4, p. 3378, § 16.

Messrs. Wendell & Sponable did not file their brief until August 1, 1910, and with their brief and as a part thereof they filed three stipulations, to the effect that such stipulations would be presented to Mr. Justice Spencer on the day set for the trial. These stipulations were

an impertinence. They were not referred to on the trial, and the court did not regard them as having any force.

The only question involved in this case is whether the assessors had a right to make an assessment of taxes against personal property within the state of New York. Their claim is that personal property owned by them within the state of New York is not subject to tax. This contention is clearly in violation of the law. Chapter 60, art. 1, Consol. Laws N. Y., cl. 5, § 2, provides as follows:

"The terms 'personal estate' and 'personal property,' as used in this chapter, include chattels, money, things in action, debts due' from solvent debtors, whether on account, contract, note, bond or mortgage; debts and obligations for the payment of money due or owing to persons residing within the state, however secured or wherever such securities shall be held; debts due by inhabitants of this state to persons not residing within the United States for the purchase of any real estate; public stocks in moneyed corporations, and such portion of the capital of incorporated companies, liable to taxation on their capital, as shall not be invested in real estate."

Section 3 of said article reads as follows:

"Property Liable to Taxation.—All real property within this state, and all personal property situated or owned within this state, is taxable, unless exempt from taxation by law."

Section 7 of the same article, as to when the property of nonresidents is taxable, reads as follows:

"Nonresidents of the state doing business in the state, either as principals or partners, shall be taxed on the capital invested in such business, as personal property, at the place where such business is carried on, to the same extent as if they were residents of the state."

Subdivision 2 of the foregoing section reads as follows:

"The personal property of nonresidents of the state having an actual situs in the state, and not forming a part of capital invested in business in the state, shall be assessed in the name of the owner thereof for the purpose of identification and taxed in the tax district where such property is situated unless exempt by law. * * * This subdivision shall not apply to money or collateral securities, deposited for debts owing to such nonresidents, nor shall it be construed as in any manner modifying or changing the law imposing taxes on real estate or mortgage securities."

From the foregoing statutes it is clear that under certain circumstances personal property belonging to aliens is subject to taxation by the city or county where such personal property is located. There are some exceptions in the statutes which it is not necessary to mention here. The petitioners in these proceedings have not denied that they are the owners of personal property within the state of New York. Such failure to deny is equivalent to an admission that they do possess personal property in the state of New York. The petitions, therefor, of the parties to these proceedings, are insufficient to constitute proof that the petitioners have no personal property in the state of New York. The assessors of the town of Minden and the assessors of the village of Ft. Plain were, therefore, justified in assessing against the petitioners such personal property as they were able to find in either the town of Minden, or the village of Ft. Plain, and the burden of proving that they had no taxable property in either the town of Minden or the village of Ft. Plain was upon the petitioners.

Therefore the court must hold that the assessors were fully justified in making the assessments on the personal property which they have assessed.   In these proceedings the burden is upon the petitioners to prove in the first instance that they have no personal property in the town of Minden or the village of Ft. Plain.   In this regard they have entirely failed to make out a case for the issuance of writs of certiorari. The situation calls for orders dismissing the writs, with full costs against each of the two relators, to be taxed in the usual manner.

Ordered accordingly.